UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

**MITZI VARGAS,**

    Plaintiff,

v.

**CAPITAL VISION SERVICES, LLC.,**
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MITZI VARGAS ("Plaintiff" or "Ms. Vargas"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from CAPITAL VISION SERVICES, LLC, ("Defendant" or "CVL"), for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION

1. The Court has original jurisdiction over Plaintiff's FMLA/ADA claims as they arise out of federal law, and this Court has supplemental jurisdiction over

1

Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

## PARTIES

2. At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Osceola County, Florida.

3. At all times relevant hereto, Plaintiff worked for Defendant in Osceola County, Florida.

4. Defendant is a foreign limited liability company that provides services in, among others, Osceola County, Florida, and is therefore within the jurisdiction of the Court.

5. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her serious health condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

7. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

8. Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

## CONDITIONS PRECEDENT

9. On or around November 6, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

10. More than 180 days have passed since the filing of the Charge of Discrimination.

11. On March 8, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

14. Ms. Vargas worked for CVL as an Eyewear Consultant from March 2015, until her unlawful and retaliatory termination on July 30, 2020.

15. During her time with CVL, Ms. Vargas was an excellent employee, with no history of non-ADA/FCRA/FMLA-related attendance, performance or tardiness issues.

16. In fact, Ms. Vargas worked without issue until the COVID-19 outbreak, when she, along with other Eyewear Consultants, were furloughed by CVL.

17. On May 18, 2020, CVL asked Ms. Vargas to return to work and mandated that she wear a facemask.

18. Unfortunately, Ms. Vargas suffers from asthma, anxiety, and panic disorders, which are considered "protected disabilities" under the ADA/FCRA, as well as a serious health condition under the FMLA.

19. Although Ms. Vargas attempted to abide by this mandate to ensure the safety of those around her, the sudden flare-ups of her anxiety and severe panic attacks substantially limited one or more major life activities.

20. As a result, during her lunchtime, Ms. Vargas sought the advice of her physician, who recommended that Ms. Vargas be allowed to wear a face shield in lieu of a facemask.

21. Pursuant to this, Ms. Vargas disclosed her disability to her Supervisor, Walesca Camacho ("Ms. Camacho"), who informed our client that she needed to either wear a mask, or go on a forced "unpaid leave of absence" pursuant to the FMLA.

22. Shocked that her physicians' requested accommodation had not even been considered, Ms. Vargas went home and contacted Human Resources Representative, Sandy Fickes in order to ascertain if there was any way that CVL could accommodate her disabilities.

23. After speaking to Ms. Fickes, Ms. Vargas waited a full week of silence before CVL forwarded her the necessary paperwork for her doctor to fill out.

24. Immediately, Ms. Vargas' physician completed the necessary medical documents detailing Ms. Vargas' inability to work with a facemask and requested that our client be allowed to wear a face shield instead.

25. Weeks later, on July 30, 2020, Ms. Fickes suddenly called our client and informed her that her request to use a face shield was denied, and that since she could not wear a mask, she was terminated, effective immediately, with no opportunity to seek any alternative measures/accommodations.

26. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

27. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination and retaliation.

28. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

29. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing proper and authorized FMLA leave.

30. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her use and/or attempted utilization of what should have been protected FMLA leave.

31. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

32. Allowing Plaintiff to wear a face shield instead of a face mask to help treat her disabilities and serious health conditions would have been a reasonable accommodation.

33. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her very recent request for reasonable accommodations, and her attempt to exercise her rights under the FMLA.

34. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA, and FMLA were intended to prevent.

35. The timing of Plaintiff's termination makes the causal connection between her attempted use of FMLA leave, her request for reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

36. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

37. Plaintiff is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as Eyewear Consultant.

38. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

39. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

40. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

41. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

42. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for attempting to take time off work to seek treatment, and for requesting reasonable accommodation.

43. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Plaintiff based solely upon her disability.

44. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

45. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

46. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

47. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

48. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is protected class member as envisioned by the ADA and the FCRA.

49. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

50. Defendant did not have a good faith basis for its actions.

51. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

52. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

53. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

54. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 14 through 35, and 50 through 54, above.

56. At all times relevant hereto, Plaintiff was protected by the FMLA.

57. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

58. At all times relevant hereto, Defendants interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights freely to utilize FMLA leave.

59. As a result of Defendants' willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

60. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, an equal amount as liquidated damages, immediate reinstatement into her position/injunctive relief, other monetary damages, equitable relief, declaratory

relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 14 through 35, and 50 through 54, above.

62. At all times relevant hereto, Plaintiff was protected by the FMLA.

63. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

64. At all times relevant hereto, Defendants retaliated against Plaintiff by firing her for her use of been FMLA protected leave or what should have been FMLA protected leave.

65. Defendants acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take FMLA leave pursuant to the FMLA.

66. As a result of Defendants' intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

67. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 7 through 27, and 33 through 54, above.

69. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

70. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

71. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

73. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

74. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

75. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 7 through 27, and 33 through 54, above.

76. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

77. The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

78. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

79. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

80. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

81. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT V
### RETALIATION UNDER THE ADA BASED ON DISABILITY

82. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 7 through 27, and 33 through 54, above.

83. Plaintiff was terminated within close temporal proximity of her request for reasonable, nonburdensome accommodations based on her disability.

84. Plaintiff's request for reasonable, nonburdensome accommodations based on her disability constituted protected activity under the ADA.

85. Plaintiff was terminated as a direct result of her engaging in protected activity under the ADA.

86. Plaintiff's request for reasonable, nonburdensome accommodations, and her termination, are causally related.

87. Defendant's stated reasons for Plaintiff's termination are a pretext.

88. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

89. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

90. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

91. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

92. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 7 through 27, and 33 through 54, above.

93. Plaintiff was terminated within close temporal proximity of her request for reasonable, nonburdensome accommodations based on her disability.

94. Plaintiff's request for reasonable, nonburdensome accommodations based on her disability constituted protected activity under the FCRA.

95. Plaintiff was terminated as a direct result of her engaging in protected activity under the FCRA.

96. Plaintiff's request for reasonable, nonburdensome accommodations, and her termination, are causally related.

97. Defendant's stated reasons for Plaintiff's termination are a pretext.

98. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

99. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

100. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

101. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 2nd day of June 2022.

                Respectfully Submitted,

                ***/s/ Noah E. Storch***
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                Alexander Harne, Esq.
                Florida Bar No.: 126932
                RICHARD CELLER LEGAL, P.A.
                10368 W. SR. 84, Suite 103
                Davie, Florida 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                E-mail: **noah@floridaovertimelawyer.com**

                *Attorneys for Plaintiff*